Nicholas Thouron, Trustee for the Estate of Nicholas E. Thouron, Deceased, Appellant, *v.* The Schuylkill Electric Railway Company and Thomas H. Connell, Contractor.

*Street railways—Preliminary injunction—Doubtful claim—Equity.*

A preliminary injunction restraining a street railway company from building its road upon land claimed by the complainant will be dissolved where there is grave doubt whether the line of the proposed road is on complainant's land.

Argued Feb. 18, 1896. Appeal, No. 73, Jan. T., 1896, by plaintiff, from decree of C. P. Schuylkill Co., dissolving preliminary injunction. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Bill in equity to restrain the construction of a street railway upon land claimed by the complainant.

The court, BECHTEL, J., filed the following opinion:

The plaintiff in his bill claims the defendants are engaged in building an electric railway upon the private property of the estate for which or of which he is trustee. The court upon bill, injunction, affidavit and bond filed, awarded a preliminary injunction October 10, 1895. The respondents deny that they are engaged in building a railway upon the complainant's land and assert that they are building entirely within the street line or upon Centre street within the borough of Pottsville. They claim that they have obtained the consent and full authority of the borough officials to thus construct their road. The entire question turns upon the evidence as to whether the purposed road is within the street line or on private property of the plaintiff. The burden of proving this is necessarily upon the complainant, for he who claims a right to a preliminary injunction must clearly establish the same by the evidence presented. There are many authorities upon this question: Wagner v. Foley, 4 Del. 172; Andrews v. Stefanaky, 5 Kulp, 339; Kelly v. C., 5 Montg. 29; Patterson's Appeal, 129 Pa. St. 109, and Brightly's Dig., 4018, pl. 16–23. We therefore turn to the

evidence submitted, and it is made to appear that the borough of Pottsville has given its consent by its ordinance, which is the only evidence we have on this subject. Of course that which individual councilmen may have said or declared to parties or their counsel can have no place in the determination of this question. Upon the question of whether the proposed road is within the street line, the evidence is in favor of the defendants. It strongly preponderates in favor of the position taken by respondents that they are within the borough line and within the Centre street line, and are therefore authorized to locate the road as they have been engaged in doing and propose to do. To show that no record of the laying out and opening of Centre street is found in the court of quarter sessions, does not show that Centre street does not exist, or that the purposed road is not within its lines. The official maps of the borough seem to show its existence and width as early as 1858 if not much earlier.

The evidence, acts of assembly, also tend to show that it existed as early as about the year 1805 as the Centre turnpike, and it is claimed the borough acquired it from that company. But if we should say that much clearer evidence could be shown upon this subject we would not thereby help the complainant's cause. For we may not grant an injunction nor continue the same upon that which might be proved, but only when the complainant establishes a right thereto by that which has been proved. There is no presumption that the respondents are upon complainant's property nor are the respondents bound to prove a negative. If Centre street took its origin as Centre turnpike as early as 1805, it existed half a dozen years prior to the formation of Schuylkill county, and the record proceedings may exist in Berks county. But whether such record does or does not exist in said county, certain it is that sufficient has not been shown to bring complainant within the rule that would warrant us in continuing this injunction. If the court be in doubt as to the propriety of continuing a preliminary injunction, it will be dissolved: Beda v. Illuminating Co., 1 C. C. 651. It will be dissolved where there exists a doubt either in law or fact: Lutz v. Lutz, 34 P. L. J. 260. Without therefore deciding anything as to complainant's claim relating to damages or alleged injury to the property, we feel compelled to dissolve

this injunction, upon the ground that the complainant has not sufficiently shown that the electric road is being built upon the Thouron tract. Or at least the testimony submitted leaves it a matter of grave doubt, and we may not guess as to the street line and proposed location with reference thereto, and then make the guess the basis of an injunction.

And now, October 31, 1895, injunction dissolved.

*Errors assigned* among others were in dissolving the preliminary injunction and dismissing the bill.

*W. W. Montgomery* and *J. Lineaweaver,* for appellant.

*R. H. Koch,* for appellees.

PER CURIAM, March 16, 1896 :

As we understand the record, the first assignment of error is broader than the decree, in that it complains of the dismissal of " the bill " as well as dissolution of " the preliminary injunction." Dismissal of the bill is not included in, nor does it form any part of, the decree dissolving the injunction. As to the latter, —which is the only question before us,—we are not convinced that the learned court committed any error. The burden of proof was on the plaintiff, and the evidence on which he relied was too vague and unsatisfactory to have justified a continuance of the injunction until final hearing. In the concluding sentences of his opinion the learned judge rightly says : " We feel compelled to dissolve this injunction upon the ground that the complainant has not sufficiently shown that the electric road is being built upon the Thouron tract. Or at least, the testimony submitted leaves it a matter of grave doubt, and we may not guess as to the street line and proposed location with reference thereto, and then make the guess the basis of an injunction."

There appears to be nothing in the record that would justify us in sustaining either of the specifications ; nor do they present any question that requires discussion.

Decree affirmed and appeal dismissed with costs to be paid by the plaintiff.