## Stefanich, Appellant, *v.* Beaver Falls et al.

*Equity—Practice—Preliminary injunction—Dismissal—Appeal.*

On an appeal from a decree dissolving a preliminary injunction, the Superior Court will not consider the merits of the case, but only determine whether, under the facts presented in the common pleas, there were reasonable grounds for the action of the court. Where there were such reasonable grounds for the dismissal of the bill, the decree of the court below will be affirmed.

*Borough code—Act of May 4, 1915, P. L. 312, chapter V, article I, section 2, subdivision XXV—Pool rooms—License—Tax—Authority of borough to levy tax.*

Under the Act of May 14, 1915, P. L. 312, chapter V, article I, section 2, subdivision XXV, (Borough Code), and its amendment of July 6, 1917, P. L. 704, boroughs have the right, as part of their general powers, to regulate and license and to fix the time of opening and closing of pool rooms, billiard rooms and ten pin alleys.

Argued April 21, 1921.  Appeal, No. 83, April T., 1921, by plaintiff, Michael Stefanich, from decree of C. P. Beaver County, in Equity, June T., 1920, No. 10, in case of John Paff, Gus Ponas, Andrew Hollander, H. F. Littell, C. C. Winston, W. M. Stefanich, H. Fritz, and A. Azar v. The Borough of Beaver Falls, George R. Hemphill, Burgess, Harry W. Zeller, Meyer Berkman, H. F. Palmer, Harry Chandley, Isaac W. Solomon, William S. Cook, David Marquis, H. A. Moore, Charles Kraft and William Elms, Members of Town Council of said Borough, Edward Brown, Chief of Police.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Bill in equity for preliminary injunction to restrain the enforcement of an ordinance and that said ordinance upon final hearing, be declared illegal and void.  Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

**126** STEFANICH, Appel., *v*. BEAVER FALLS et al.

Statement of Facts—Opinion of the Court. [77 Pa. Superior Ct.

A preliminary injunction was granted. Subsequently, after hearing, the court dissolved the injunction and dismissed the bill. Plaintiff appealed.

*Error assigned* was the order of the court.

*Richard S. Holt,* of *Holt, Holt and Richardson,* and *Charles H. Stone,* for appellant.—The ordinance in question undertakes to regulate and impose a license that amounts to a tax against amusements, already licensed, regulated and taxed by the State: Dillon on Municipal Corporations, Vol. 2, Chapter 16; Bryan v. City of Chester, 212 Pa. 259; Harper et al., 109 Pa. 9.

*J. Rankin Martin,* and with him *Homer H. Swaney,* for appellee.

OPINION BY KELLER, J., July 14, 1921:

The plaintiffs, who are individual proprietors of certain pool rooms, billiard rooms and bowling alleys in the borough of Beaver Falls, filed this bill in equity to restrain the enforcement of an ordinance of said borough providing for the licensing and regulation of pool rooms, billiard rooms and bowling alleys, alleging that said ordinance is illegal, unreasonable and void. Upon presentation of the bill accompanied by injunction affidavits and bond a preliminary injunction was granted restraining defendants from enforcing the ordinance. Subsequently, on motion of defendants the court dissolved the injunction, from which order Michael Stefanich has appealed.

Our established practice in such cases is not to consider the merits of the case but only to determine whether under the facts presented in the common pleas there was reasonable ground for the action of the court: Davis v. Porch Bros., 268 Pa. 376; Beetem v. Carlisle Light, Heat and Power Co., 265 Pa. 128; Hoffman v. Howell, 242 Pa. 112.

The Borough Code of 1915, (Act of May 14, 1915, P. L. 312, chap. V, art. I, sec. 2, subdivision XXV), and its amendment of July 6, 1917, P. L. 704, grant to boroughs as a part of their general powers the right to regulate and license and to fix the time of opening and closing of pool rooms, billiard rooms and ten pin alleys. We have already held, construing a similar power given boroughs in the Acts of April 3, 1851, P. L. 320, and May 5, 1876, P. L. 112, to regulate, license or prohibit theatrical exhibitions, etc., that the amount which a borough may ordain shall be paid for a license to give a theatrical performance is not limited to the sum which will reimburse it for the pay of the police officers which it specially delegates to watch the actors during the performance: Mahanoy City Boro. v. Hersker, 40 Pa. Superior Ct. 50.

We have carefully considered the facts disclosed by the record and think there were reasonable grounds for the action of the court below and the appeal is accordingly dismissed at the costs of the appellant.

As the question was not raised, we do not pass upon the right of the plaintiffs, whose interests appear to be several and distinct, to file a joint bill in equity.