THE STATE, EX REL. KALIKATAS IGNACIUNAS, RESPOND-
ENT, v. TOWN OF NUTLEY ET AL., APPELLANTS.

Argued December 5, 1923—Decided May 19, 1924.

The amendment of 1922 to the act concerning municipalities (*Pamph.
L., p.* 277) which authorizes the governing body of a munici-
pality to enact ordinances to regulate and restrict the location
of buildings designed for a specific use in any designated area
(commonly called "zoning ordinances") provides that all such
regulations "shall be designed to promote the public health,
safety and general welfare." The town of N., under color of
this statute, passed an ordinance which prevented the erection
of any buildings, except those intended to be used for residential
purposes, in a certain designated district, and because of that
limitation, the respondent, I., was refused a building permit for
the erection of a combined store and dwelling therein. *Held,*
that the mere erection of such building in the so-called residential
district of the town did not constitute a menace to the public
health or the public safety, and that the ordinance, so far as it
prevented the use of respondent's property for the purpose named,
was not authorized by the statute.

On appeal from the Supreme Court, whose opinion is re-
ported in 98 *N. J. L.* 712.

For the appellants, *J. Harry Hull, Spaulding Fraser* and
*Frank H. Sommer.*

For the respondent, *Borden D. Whiting.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal brings up for
review the award of a peremptory writ of *mandamus* by the
Supreme Court, commanding the present appellants, the
town of Nutley, and one Risley, the inspector of buildings
of that town, to issue a building permit to Ignaciunas, the
present respondent, for the erection of a combined store and
dwelling.

The respondent, having applied to Risley, the inspector,
for a permit to erect a combined dwelling and store on prop-

erty owned by him at the corner of Conover avenue and Yale street, was refused such permit, upon the sole ground that the lot upon which the building was proposed to be erected was located in a district known as "Class B," and that the so-called zoning ordinance of the town in terms prohibited the erection of stores in that district. The question that we are called upon to decide is whether the refusal of the inspector can be justified for the reason upon which it was rested.

The contention of counsel for the town, both in the Supreme Court and before us, is that the ordinance appealed to entirely justified the action of its inspector in refusing to grant to the respondent the permit for which he applied, and that it was adopted in the exercise of authority conferred upon the town for that purpose by the legislature of the state by an act entitled "An act to amend an act entitled 'Supplement to an act entitled "An act concerning municipalities," approved March 27th, 1917,' " &c.    Pamph. L. 1922, p. 277. The material provisions of the statute, so far as they are pertinent to the decision of the present case, are as follows: "The governing body of each and every municipality in this state shall have power by ordinance to regulate and restrict the location hereafter of trades, industries and residences, and the subsequent location of buildings designed for a specified use in any designated area, and may divide the municipality into districts of such number, shape and area as it may deem best suited to carry out the purposes of this act.   *   *   *   For each such district regulations may be imposed designating the trades and industries that shall be excluded or subjected to special regulations and designating the uses for which buildings may not be erected or altered. Such regulations shall be designed to promote the public health, safety and general welfare."

It is conceded by counsel for the respondent that the ordinance in question has the scope attributed to it by the appellants, but he contends that, so far as it is applicable to the present case, it is not justified by the statute referred to; and, further, that if the contrary view be held, then the statute itself is violative of constitutional limitations.

The Supreme Court, in disposing of the application for a peremptory writ, assumed, for the purpose of its decision, that the ordinance in question was authorized by the statute, and held that the legislation was void so far as it permitted the town of Nutley to prohibit the relator from erecting a combined store and dwelling upon his lot, for the reason that it was violative of the rights of private property guaranteed to him by the federal and state constitutions, and, consequently, was not justified as an exercise of the police power of the state.

We do not find that a consideration of this fundamental principle is required by us in determining the present appeal. And for this reason: The legislature in its grant of power to the several municipalities of the state to regulate the use to which a property owner may put his property, even to the extent of prohibiting its use for a particular purpose, limited that power by the provision of the statute, that such regulation must "be designed to promote the public health, safety and general welfare." If, therefore, the ordinance, in its application to the property of any particular owner, does not come within the limitation of the statute, to that extent it is without legal justification and void.

The narrow question, accordingly, which we are called upon to consider in the determination of this case is: Will the erection and user of a combined store and dwelling-house upon the lot of the respondent constitute a menace to the health or the safety of the people of the town of Nutley, or to the general welfare of the municipality? That the mere erection of this building, regardless of the use to which it may afterward be put, is likely to be injurious to the health or safety of the residents of the town is asserted, but, practically, not argued by counsel. And, as we see it, no well-grounded argument can be made in support of the assertion. The owner or the occupier of the store, after it is erected, might attempt to conduct therein a business which threatened public health or public safety; but the right of the municipality to restrain the carrying on of such a business (which may be conceded) is not involved in the present case.

The bold assertion of counsel is that the mere presence of a store building in the so-called residence district of Nutley is in itself a menace to the public health and the public safety, notwithstanding that the business carried on therein will not constitute such a menace.    Both common experience and common sense demonstrate the unsoundness of. such an assertion.

On what theory can it be said that the restraining of the respondent from erecting a combined store and dwelling-house upon his property will tend to promote the *general* welfare of the community?    It is probable that its presence there, without regard to its use, would be objectionable to other property owners in the immediate neighborhood, who would prefer that business places should not be established in that part of the town.    But that is quite immaterial, for such property owners have not acquired the right to impose upon owners of other property in the vicinity any restrictions upon the lawful use thereof.    The ordinary use of property is not authorized by the general welfare clause of the statute to be prohibited, because repugnant to the sentiment or desires of a particular class residing in the immediate neighborhood thereof, but only because such use is detrimental to the interests of the public at large.    In other words, the restriction authorized by this provision of the statute upon the untrammeled use of property for the promotion of the general welfare of the community must be such as will tend in some degree to prevent harm to the public generally or to promote the common good of the whole of the people of such community.    That the prohibition by the town of Nutley against the erection of such a building as is contemplated by the respondent upon the lot owned by him will not have any such effect seems to us to be manifest.

We conclude, therefore, that the ordinance under consideration, so far as it prevents the use of the respondent's property for the purpose to which he desires to put it, is not authorized by the statute under which it purports to have been adopted, and to that extent is null and void.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   13.

*For reversal*—None.