JULIANO CONSTRUCTION COMPANY, RELATOR, v. FRED-
ERICK BIGELOW, BUILDING SUPERINTENDENT, AND
THE BOARD OF ADJUSTMENT OF THE CITY OF NEW-
ARK, DEFENDANTS.

Submitted October 16, 1925—Decided February 5, 1926—Filed March
2, 1926.

**Zoning—Apartment-House, in Residential District—Case Within
Rule of Ignaciunas v. Risley.**

On rule to show cause why a peremptory or alternative
writ of *mandamus* should not be issued.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Kerr & Potter* (*Harold F. Dorgeval,* of
counsel).

For the defendants, *Jerome T. Congleton* and *Charles M.
Myers.*

PER CURIAM.

This case is before us on a rule to show cause why a per-
emptory or alternative writ of *mandamus* should not be
issued out of this court enjoining the respondent Frederick
Bigelow, building superintendent of the city of Newark, and
the board of adjustment of the city of Newark, to issue a
building permit granting to the relator the right to erect
an apartment-house with stores on the ground floor, and one
two-car garage on premises known as 641, 647 Summer ave-
nue, in the city of Newark. The facts have been stipulated.
From these it appears that the relator is the owner of a
tract of land at the southeast corner of Summer avenue and
Carteret street, in the city of Newark. The premises are
free and clear of all restrictions. On July 14th, 1925, the
relator applied to the superintendent of buildings of the

city of Newark for a permit to construct the improvements mentioned upon his property, and submitted to him plans and specifications therefore which had previously been approved by the state board of tenement-house supervision. On July 20th, 1925, the said superintendent of buildings refused to issue a permit upon the ground that the proposed building would constitute a violation of article 1, section 2 of the zoning ordinance of the city of Newark, adopted December 31st, 1919, which classified the district in which the relator's lot is located as a residential district for which building permits could only be issued for certain classes of buildings. The building proposed to be built by the relator did not fall within any of these classifications. On July 30th, 1925, the relator appealed to the board of adjustment of the city of Newark, organized under chapter 146 of the laws of 1924. On September 3d, 1925, this board affirmed the action of the building superintendent.

Summer avenue is a thoroughfare seventy-five feet in width. The property surrounding the relator's property consists mostly of two or three-family houses. Opposite the relator's property is a church and parish house. A parochial school is four hundred feet distant. Opposite the school is a series of one-car garages. On Carteret street, one block east of Summer avenue, at Lincoln avenue, there is a factory in operation, and at the corner diagonally opposite the factory are a number of stores.

We see no question involved in the present application which has not been heretofore settled. The case, in our opinion, falls within *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 125 *Atl. Rep.* 121. The case of *Builders Realty Co.* v. *Bigelow,* 128 *Id.* 887, is directly in point. The property involved in this latter case was upon Summer avenue.

In view of these decisions, we think the relator is entitled to a peremptory writ of *mandamus.* A peremptory writ of *mandamus* is accordingly awarded.