EDWARD CAHILL, 'RELATOR, v. FRANK HAGUE, JOHN SAUL, A. HARRY MOORE, MICHAEL J. FAGAN AND WILLIAM B. QUINN, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, AND JOHN SAUL, SUPER-INTENDENT OF BUILDINGS OF JERSEY CITY, RE-SPONDENTS.

Submitted October 16, 1925—Decided March 2, 1926.

**Zoning—Garage in Restricted Locality—Case Controlled by Ignaciunas v. Risley.**

On rule to show cause why writ of *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Richard Doherty.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

This case is before us on a rule to show cause why a writ of *mandamus* (peremptory or alternative) should not issue requiring the board of commissioners of Jersey City and John Saul, superintendent of buildings of Jersey City, to issue a permit to Edward Cahill, the relator, for the construction of a fireproof garage on the rear of premises owned by him in the city of Jersey City, known as Nos. 211-213 Harrison avenue. The building for which a permit is sought is to replace one that was burned. The burned building had originally been used as a stable in connection with the residence of the relator. Its use as a stable was discontinued some years ago. It was then used as a garage. The relator desires to construct in the place of the burned building a fireproof garage to accommodate nine cars. The building

permit was refused upon the ground that the relator's property was within a district zoned for residences. An appeal was taken to the city commissioners. The commissioners, sitting as a board of appeals, on June 2d, 1925, passed a resolution denying the application and assigning as the reason for its denial "that the building, under the law, cannot be reconstructed for garage purposes." This reason we think the same as the one previously given, namely, that the proposed building was to be erected in a section zoned for residences. The testimony shows that within seventy-five feet of the relator's residence there are five public garages. At the end of the street there are seven or eight public garages. There are garages connected with every house on the block. The Cadillac service station is next to the relator's property. In the rear of the relator's property is located the Belle Meade Corporation's garage, which is a public garage. There are six garages across the street.

The respondents seek to bring the present case within the case of *Max* v. *Saul,* 3 *N. J. Mis. R.* 265 (a Jersey City case). In the case of Max *v.* Saul, however, the garage was to be built within ten feet of a private dwelling, contrary to an ordinance of Jersey City. It was held that this prohibition was a proper exercise of the police power. In the present case the proposed garage is not to be built within ten feet of a private dwelling. We cannot see in what way the proposed building is detrimental to the health, safety or general welfare of the community. We think the case is controlled by the case of *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 125 *Atl. Rep.* 121.

A peremptory writ of *mandamus* is awarded.