# Howard, Appellant, v. Goodnough et al.

*Appeals—Equity practice—Preliminary injunction—Irreparable harm—Dissolution of preliminary injunction.*

1. A preliminary injunction is never granted except in a clear case to prevent irreparable harm.

2. On an appeal from the dissolution of a preliminary injunction, the appellate court will not pass upon the merits of the case, but will examine the record to determine only whether the action of the trial court was based on reasonable ground.

Argued March 13, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 169, Jan. T., 1928, by plaintiff, from decree of C. P. Cameron Co., Jan. T., 1928, No. 32, dissolving preliminary injunction, in case of Josiah Howard v. C. J. Goodnough et al., trustees. Affirmed.

Bill for injunction. Before HECK, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Preliminary injunction dissolved. Plaintiff appealed.

*Error assigned*, inter alia, was decree, quoting record.

*L. D. McCall*, with him *Johnson & McNarney*, for appellant.

*W. N. Conrad*, for appellees.

OPINION BY MR. JUSTICE WALLING, April 9, 1928:

Upon investigation, the Controller of the Currency condemned certain notes owned by the First National Bank, of Emporium, Penna., amounting to approximately $103,000, and ordered their liquidation. These were not presently collectable and, hence, the bank's ten directors, on August 27, 1926, entered into a written agreement whereby they undertook to advance the amount above stated; seven agreed to advance $12,800 each and each of the remaining three a smaller sum. The agreement placed the handling of the fund and general management in charge of three of the directors, as trustees. To the latter the amount was paid and by them given to the bank in place of the condemned notes above mentioned. Josiah Howard, the plaintiff herein, was a director and president of the bank and, as $73,350 of these notes had been given by corporations in which he was interested for loans made to them at his instance,

he undertook in said agreement to give and in fact did give his individual note to the trustees for $61,-760.84, payable in one year. This covered the indebtedness he assumed, less the $12,800 advancement made by him as a director. He pledged as collateral to this note certificates of stock in various corporations, a list of which is attached to the note. The latter expressly authorizes the trustees, in case of default in payment of the note, to make public or private sale of the collateral as they may see proper, without notice, etc. In December, 1927, the note being overdue and unpaid, the trustees advertised a public sale of the stock so held; to prevent which, plaintiff filed this bill in equity and secured a preliminary injunction, which, after hearing, the trial court dissolved and he brought this appeal.

Plaintiff was not a party, as maker or endorser on any of the $73,350 of condemned notes and, hence, his defense, as averred to the $61,760.84 note, is lack of consideration. It having been given as part of the entire agreement and in response to the mutual undertakings of all the directors, the validity of this defense is not clear. How he can avoid liability, under the mutual agreement, after his codirectors, relying thereon, parted with nearly $90,000, does not appear. This being at least doubtful, it was not a matter for preliminary injunction, which is never granted except in a clear case to prevent irreparable harm. See Kittanning Brewing Co. v. Am. Nat. Gas Co., 224 Pa. 129; Hicks v. American Natural Gas Co., 207 Pa. 570; Thouron v. Railway Co., 174 Pa. 366.

Being, however, an appeal from the dissolution of a preliminary injunction, we do not pass upon the merits of the case, but only examine the record to determine whether the action of the trial court was based on reasonable ground. This is the uniform practice, as shown by Beetem v. Carlisle Light, H. & P. Co., 265 Pa. 128; Winston et al. v. Ladner et al., 264 Pa. 548;

Holden v. Llewellyn et al., 262 Pa. 400; Deal v. Erie Coal & Coke Co., 246 Pa. 552; Hoffman v. Howell, 242 Pa. 112, and other cases. In Sunbury Boro. v. Sunbury & S. R. Co., 241 Pa. 357, the present Chief Justice, speaking for the court, says: "Our uniform rule is that upon an appeal from a decree which refuses, grants or continues a preliminary injunction, we will only look to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied upon are palpably wrong or clearly inapplicable," citing four then recent decisions of this court. A like practice prevails in the Superior Court. See Stefanich v. Beaver Falls et al., 77 Pa. Superior Ct. 125. There is nothing in the instant case to warrant a departure from this rule. After final decree, the whole record will be open for review: Deal v. Erie Coal & Coke Co., supra, p. 555.

The order is affirmed and appeal dismissed at the cost of appellant.