Scowden et al. *v.* Thomas et al., Appellants.

Submitted April 10, 1928.

36

*Francis M. Flynn,* for appellants, cited: Gemmel v.
Fox, 241 Pa. 146; Rhodes v. Dunbar, 57 Pa. 274;
Drum v. Dinkelacker, 262 Pa. 392; DeSanno v. Earle,
273 Pa. 270; Smyth v. McCarrell, 76 Pa. Superior Ct.
143; Grey v. The Ohio-Penna. R. R. Co., 1 Grant 412;
Hamilton v. Foster, 272 Pa. 95; Willock v. Arensberg,
51 Pa. Superior Ct. 73.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., July 12, 1928:

The defendants are the owners of a lot in Bonnie
Brae Section, Plan No. 1, of Farrell Borough. In May,
1927, they obtained a permit from the Borough to erect
a garage on said lot. After its completion, one of
them occupied part of it as a residence. Plaintiff,
thereupon, filed a bill in equity asking that defendant
be restrained from occupying said garage as a resi-
dence, setting forth that defendant's deed for said lot
contained the following restrictions: "This convey-
ance is made subject to the conditions and restrictions
that no dwelling shall be erected on any part of the
above described premises less than two stories in

height, to be nearer the line of the street than 25 feet or to cost a sum less than twenty-five hundred dollars, no barn or stable of any kind shall be erected or maintained for the purpose of housing any kind of livestock, swine or fowl, that no other than a member of the Caucasian race shall occupy or inhabit any part of the above described premises except such occupancy or inhabitance as is necessary in the performance of labor in the erection and maintenance of a home for a Caucasian. These covenants to be covenants and to run with the land until the first day of October, A. D., 1928, at which time they shall cease and determine,'' and alleging that the building which defendant erected cost considerably less than twenty-five hundred dollars.

The court granted the preliminary injunction until final hearing and the defendant appealed. There seems to be no doubt that the occupation of the building as a residence was contrary to the covenant in the deed. We are satisfied that there was reasonable ground for the action of the court in awarding an injunction. Whether or not the other elements in the case may later on lead the court to dissolve it is not a matter of present concern to us. Brock v. Atlantic Refining Co., 268 Pa. 231; Beetem v. Carlisle Light Co., 265 Pa. 128; Stefanich v. Beaver Falls, 77 Pa. Superior Ct. 125.

Appeal is dismissed at the costs of the appellant.