Felt et al. *v.* Emporium Land Co., Appellant.

Argued May 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*F. D. Gallup,* with him *E. G. Potter, Johnson & Mc-Narney* and *Edwin W. Tompkins,* for appellant.—Whatever else there may be in this proceedings, it is certain that the pleadings raised a question of fact which defendants were entitled to have tried before a mandamus order issued.

Issues of fact must be tried by a jury and the facts must be found in plaintiff's favor before a peremptory writ can issue: Smith v. Com., 41 Pa. 335; Com. v. School Directors, 4 Pa. Dist. R. 314; Com. v. Warwick, 185 Pa. 623; Seabolt v. Northumberland Co. Comrs., 187 Pa. 318.

In the present case the real merits and all of the circumstances having to do with the purchasing of this stock and the rights of the trustees, etc., and the liability of Howard, the true owner of the stock, have never been determined.

Courts cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof: Com. v. Ball, 277 Pa. 301; Deere Plow Co. v. Hershey, 287 Pa. 92; Stone v. B. & L. Assn., 293 Pa. 161.

A transfer agent, before permitting a transfer of stock appearing on the face of the certificate to be held in trust, has a right, especially if the cestui que trust is named, to require the exhibition of the authority to transfer beyond the certificate: Bayard v. Bank, 52 Pa. 232.

*W. N. Conrad*, for appellees.—Corporations are not concerned in controversies between their stockholders and the creditors of their stockholders, and have no standing in such controversies: Deal v. Coal & Coke Co., 244 Pa. 622; Jeane's App., 116 Pa. 573.

The purchaser of pledged stock has the absolute right to have the stock transferred on the books of the corporation: Sproul v. Glass Co., 201 Pa. 103; Chambers v. B. & L. Assn., 55 Pa. Superior Ct. 444; Gilpin v. Howell, 5 Pa. 41; Neiler v. Kelly, 69 Pa. 403; Boyd v. Conshohocken, 149 Pa. 363.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1929:

This is the same controversy in other guise that we heretofore decided: Howard v. Goodnough, 292 Pa. 547. In that proceeding, Howard, who is the real defendant in this, endeavored to prevent the sale of certain certificates of stock, among others, those of the Emporium Land Company, the present defendant, pledged by him as collateral for his note. Now, as president of the land company, his endeavor is to block their transfer to the purchasers of them, the trustees named in the note, who bought them at a sale, following default in payment by Howard of his obligation, the purchase having been made in accordance with the provisions of the note authorizing them to buy. The former case, following our affirm-

ance of the decree of the chancellor refusing a preliminary injunction, was not pursued further by Howard. He acquiesced in the result and discontinued his bill. He here seeks to relitigate in substance the same matters as were there passed upon. The court below concluded, as its opinion discloses, that he is fighting for time and depending upon technicalities for a defense. This is the impression which we gather from a reading of the record. The award of the writ of peremptory mandamus directing the transfer of the stock was proper and there is no merit in the defendant's appeal.

It is somewhat difficult to perceive just what interest the appellant has in the matters which it brings to our attention. They concern Howard, not it. If Howard were not its president and in control, there might well be doubt whether the corporation itself would raise the controversy.

In the return to the alternative writ, Howard in defendant's behalf admitted the execution of the note with which the certificates of stock in question were pledged and the depositing of them in pursuance of a written agreement. He set up that the writing as prepared was not in accordance with the agreement between the parties, and did not express their true intent, without specifying the respects in which it failed to do so. He denied that there was any consideration for the note and agreement in the face of the writing, which showed that there was. He admitted the presentation of the note for payment and its refusal. He also admitted that there had been a sale of the securities to the plaintiffs following our affirmance of the decree in the equity proceeding, but set up that the sale was invalid, without specification as to what brought about the invalidity. He categorically admitted in the 13th paragraph of the return that the sale was substantially in compliance with the provisions of the note. A demurrer was filed to the return and thereupon Howard petitioned for leave to file an amended return in which he alleged that the copy

of the note set forth in plaintiffs' petition for the writ of mandamus was not a true copy thereof, that the original note contained the words "Made in pursuance of an agreement dated August 27, 1926," which he averred had been wilfully and fraudulently omitted from the petition with intent to defraud and deceive him and defendant. On hearing, the court found that the omitted words had been left out of the paper inadvertently and not with any sinister purpose, and that the mistake came from copying the note as it was set forth in Howard's bill for the injunction, where the same words had been omitted. In the amended return to which Howard made affidavit, it was again set up that no valid sale of the stock was had, without specifying the invalidity, and in addition he took it upon his conscience, notwithstanding the admission which he had made in the 13th paragraph of the previous return, to state that "no sale whatever occurred." If this averment was meant to be one of fact, it could not be credited, as the documents and Howard's written admissions show, and if stated as a conclusion, it was inefficacious to stay the peremptory writ, as was his other averment that the sale was not valid, without stating wherein the invalidity consisted.

The main contention made on this appeal is that the alleged disputes of fact should have been submitted to a jury. There are no real disputes of fact,—statements of conclusions do not amount to disputes of fact. The corporation defendant has no interest in any of the questions sought to be raised,—they concern Howard alone, —and it is palpable that he is endeavoring to use it as a screen for his own defense, which when directly made was unsuccessful and which he abandoned after the preliminary skirmish and did not press forward to final decree.

The last position assumed by appellant, that the plaintiffs cannot maintain their writ because they sue as trustees and fail to furnish defendant with any knowledge of the nature of the trust, needs no comment. They were

created trustees by Howard in the agreement which he signed and which he brought upon the record in this proceeding by pleading it as part of the record in the equity case.

In the case which was here before, we were of opinion that Howard's position was without merit; in the present proceeding, that which he has had his corporation assume, is still more untenable.

The order of the court below is affirmed at appellant's cost.