Isaac Seidel *v.* David Goldsmith, Appellant.

Argued October 17, 1929. Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Benjamin H. Levintow,* for appellant.

*Samuel Kravitz,* for appellee.

OPINION BY KELLER, J., October 30, 1929:

This is an appeal from a decree awarding a preliminary injunction which restrained the defendant from engaging in the malt extract and bottling business within a certain radius in the City of Philadelphia, contrary to the provisions of a contract of sale between the parties.

Following the practice of the Supreme Court (Howard v. Goodnough, 292 Pa. 547; Kaufman v. Philadelphia, 293 Pa. 270) ''we will look only to see if there were any apparently reasonable grounds for the action of the court below, and will not consider the merits of the case or further pass upon the reasons for or against such action unless it is plain that no such grounds exist or that the rules of law relied on are palpably wrong or clearly inapplicable.''

Our practice in this respect is not affected by the statement of appellant's counsel, on the oral argument, that he did not contemplate the taking of further testimony in the case. We do not doubt the good faith of the statement, but it cannot transform the preliminary hearing into a final one. If no further evidence is desired by either party a final hearing of the suit can be speedily obtained and the case disposed of on bill, answer and the evidence already taken, and it will then be in shape, if the final decree is appealed from, for consideration on the merits.

166

The contract of sale relied on in plaintiff's bill contains a distinct covenant on the part of the appellant, the seller, against engaging in the bottling business within a limited area; and the evidence taken on the hearing is sufficient to support a finding that appellant was violating that covenant. Taken together they furnish reasonable ground for the action of the court below in granting the preliminary injunction: Stefanich v. Beaver Falls, 77 Pa. Superior Ct. 125.

Appeal dismissed at costs of appellant.