## Solar Electric Co. *v.* Brookville Boro. et al., Appellants.

Argued March 17, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*W. N. Conrad,* for appellants.—The object of a preliminary injunction is to preserve the status quo, not to destroy it: Farmers R. R. Co. v. Oil Creek Pithole Ry. Co., 53 Pa. 224; Schlect's App., 60 Pa. 172; Chester Trac. Co. v. R. R., 174 Pa. 284.

An injunction which does not preserve the status of the parties during pending litigation, but tends to destroy it, will not be granted.

The court will not give a plaintiff the right for which it contends in advance of the regular determination of that right.

A decree pro confesso entered in accordance with the Equity Rules, will be opened and defendant let into a defense, where the decree was entered on account of an oversight, misunderstanding or neglect of defendant's counsel: Hammond v. Farquharson, 29 Dauphin Co. R. 279; Conneaut Lake Ice Co. v. Rhoades, 34 Pa. C. C. R. 360.

Appellee could only direct a decree pro confesso upon the theory that appellant's appeal neither operated as a stay of proceedings nor superseded the injunction.

*Raymond E. Brown,* with him *David I. McCahill,* for appellee.—It has been held repeatedly that on an appeal from an order awarding a preliminary injunction the appellate court will consider the merits of the case only for the purpose of determining whether, on the facts presented to the court below, there was reasonable ground for its action, and, unless the record presents palpable error, the decree will be affirmed: Holden v. Llewellyn, 262 Pa. 400.

The appeal did not suspend proceedings in the court below: Sheaffer's App., 100 Pa. 379; Haught v. Irwin, 166 Pa. 548; Drum v. Dinkelacker, 262 Pa. 392; Slate Belt Elec. St. Ry. v. Utilities Co., 267 Pa. 61.

OPINION BY MR. JUSTICE SIMPSON, April 14, 1930:

The only difficulty on these two appeals grows out of the confused state of the record, the errors in which were contributed to by each of the parties. We will endeavor, in the light of this fact, to do equity between them in a single opinion.

Plaintiff, a corporation chartered to supply electric light, heat and power in the Borough of Brookville and vicinity, sought, by its bill in equity in this case, to prevent the borough and its officials from further interfering with its business. The court below granted plaintiff a preliminary injunction, from which defendants prosecuted the first of the present appeals. The record discloses reasonable grounds for this decree, and hence, following our usual practice in such matters, we will simply affirm it, without rendering an opinion on the questions involved: Howard v. Goodnough, 292 Pa. 547; Transue v. Gregorashczuk, 295 Pa. 529.

Acting upon their belief that this appeal operated to stay all proceedings in the suit, defendants paid no attention to the rule to appear and file an answer, served upon them as part of the bill in equity. This was their mistake, and resulted in plaintiff's counsel filing an order directing the prothonotary to "enter the following

decree against" the defendants, by which "it is ordered, adjudged and decreed" that they are "individually and collectively" enjoined from further interfering with plaintiff's business, exactly as prayed for in the bill, and are charged with the costs of the case. On the faith of that order, the prothonotary entered the alleged decree. This was a serious mistake. Plaintiff's counsel had no right to direct the prothonotary to enter it, and the latter had no authority to do so.

In this court, defendants still maintain their erroneous contention that all proceedings in the suit were suspended pending the appeal from the decree granting a preliminary injunction, basing their claim entirely upon the Appeal Act of May 19, 1897, P. L. 67, which, however, has no bearing on the point. Assuming, as appellants contend, that section 15 of the act (P. L. 70) operated to stay proceedings to enforce the preliminary injunction, because the borough is a "municipal corporation" within the meaning of that section, it does not follow that further proceedings in the suit itself shall be stayed. This point is controlled by section 1 of the Act of February 14, 1866, P. L. 28, which says that "the pendency of such appeal shall not suspend......the proceedings in the original suit."

Fearing that the prothonotary's illegal decree might be treated as a proper final decree, defendants, on March 15, 1929, filed a petition in the court below reciting the decree, and praying, inter alia, that "your petitioners be now permitted to answer over, and that the judgment be opened and the petitioners be let into a defense." This petition was never acted on by the court, but, following it, plaintiff's counsel, because he had, as he says, "some doubt as to the efficacy and finality of such a decree [as that entered by the prothonotary on his order], requested the court below to proceed *ex parte* to enter an appropriate final decree, as provided by Equity Rule 51, and this decree [now also appealed from by defendants] was entered March 21, 1929." With the exception

of the formal recitals, it is, in haec verba, that improperly entered by the prothonotary, for which, indeed, it must, in equity and good conscience, be treated as a substitute, with the result that the rule to open and for leave to answer over, which then was and still is pending and undetermined, must be held to apply to the decree entered by the court. When and how defendants learned of this ex parte final decree does not appear, but within two months after it was entered, they took the second of the appeals now being considered.

Equity Rule 51, at first ignored but finally utilized by plaintiff's counsel, sets forth the only proper practice in cases of this kind. It provides that "When a bill is taken pro confesso, the facts therein stated shall be presumed to be true, and the court shall proceed ex parte to enter the appropriate final decree, which may thereafter be opened, however, and defendant permitted to answer over, upon cause shown, and on such terms and conditions as to trial, continuance and costs as to the court shall seem meet." Under this equity rule, the decree finally entered was a proper decree, but was subject to be opened and defendants permitted to answer over, as prayed for in the pending rule, after an adverse decision of which, and not until then, could an appeal properly be taken. It follows that the second appeal, taken from the ex parte final decree without waiting the action of the court on the rule to open, etc., was prematurely taken and must be quashed.

The appeal to March Term, 1929, No. 116, is affirmed, and that to March Term, 1929, No. 125, is quashed, in each case at the cost of appellants.