EASTERN BOULEVARD CORPORATION, PROSECUTOR, v. GEORGE WILLAREDT, BUILDING INSPECTOR, ET AL., DEFENDANTS.

Submitted May 7, 1940—Decided July 26, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Goldstein & Goldstein.*

For the defendants, *Irwin Rubenstein.*

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* brings up for review an ordinance adopted October 25th, 1938, by the Board of Commissioners of the town of West New York, restricting in the area described therein the erection of apartment houses over two and one-half stories high and designed and used for more than three families.   Prior to the adoption of the ordinance the area involved was a Residence Zone "B" area, wherein buildings of the character for which prosecutor seeks

a permit were allowed. The area affected by the ordinance in question consisted of "all those certain lots fronting on the easterly side of Hudson Boulevard" for its entire length within the municipality.

On May 25th, 1938, prosecutor submitted to the Board of Tenement House Supervision of the State of New Jersey a set of plans for a five-story apartment house, which plans were approved by said board. On May 26th, 1938, prosecutor applied to the building department of said municipality for a building permit to erect on said premises said five-story brick apartment house containing seventy-one apartments, which application was refused on May 27th, 1938, by defendant Willaredt, the building inspector. On September 12th, 1938, the Supreme Court declared the ordinance invalid. On October 25th, 1938, the Board of Commissioners adopted an amendment to the ordinance which is the ordinance now under attack. Several other suits have been instituted by prosecutor to obtain the permit sought, but for the reasons stated in the opinions in those cases, prosecutor has been unable to obtain the relief sought.

On March 13th, 1939, prosecutor again made application to the defendant Willaredt, as building inspector, for a permit which was denied on the ground that the proposed structure did not comply with the provisions of the zoning ordinance as amended.

The *certiorari* herein was allowed to review the ordinance as amended and directly challenges the validity and reasonableness of the provision therein limiting the character of apartment houses to deprive prosecutor of its right to build as contemplated by it, which was the basis of the refusal of a permit. This and only this question is raised and argued herein.

Prosecutor's land is all within the corporate limits of West New York and is a fan-shaped piece of land, having a frontage of approximately eighty feet on the easterly side of Boulevard East and widens out to a width of 472 feet on the rear line, being somewhat more than 240 feet in depth. It is located at the extreme northerly limits of the zoned area, according to the stipulation of facts. That stipulation states:

"5. Within the particular zoned area, and about approximately 300 feet south of prosecutor's land, is erected a twenty-eight-family apartment house and a series of private garages in the rear thereof and on the lot adjoining prosecutor's land on the south, there is erected a large private one-family dwelling. This area, however, is at a bend in the Boulevard East, so that the bend is practically at right angles to the general course of Boulevard East, in other words, Boulevard East runs in a general northerly and southerly direction whereas this particular bend runs in an easterly and westerly direction. There are apartment houses located practically all along the westerly side of the Hudson Boulevard East."

Attached to the stipulation of facts are *Exhibits A, B* and *C,* being pictures of the affected area, offered by prosecutor, and *Exhibits D, E* and *F,* also pictures and plans of the area, offered by defendants. It is possible from the stipulation and exhibits to form a very precise opinion of the physical conditions existing at the side in question.

As stated, the area is one, as shown on the exhibits and particularly defendants' *Exhibits D* and *E,* that is devoted very generally to apartment houses and business structures on the westerly side of the Boulevard. On the easterly side there are few buildings. The area suitable for structures is narrow at most points and slopes steeply down, on the lower level few structures being erected, except at the river edge, where wharves and some business buildings are erected. Within a short distance of prosecutor's land is the before mentioned apartment house, on the same side of the street.

It is obvious from the exhibits that the neighborhood is not a desirable one for the construction of small residences. There are practically none there. Apartment houses are all about. We fail to see any reasonable distinction between the easterly and westerly sides of the boulevard with respect to the character of buildings to be permitted. During the first fifteen years that the zoning ordinance was in existence no such distinction was sought to be made.

The statute adopted in pursuance of the constitutional amendment concerning zoning is *R. S.* 40:55-30 to 52. Section 32 provides as follows:

"Purposes of zoning; essential considerations. Such regulations shall be in accordance with a comprehensive plan and designed for one or more of the following purposes; to lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."

As was said in *Nectow* v. *Cambridge*, 277 *U. S.* 183: "The governmental power to interfere by zoning regulations with the general rights of the landowner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals or general welfare."

In *Durkin Lumber Co.* v. *Fitzsimmons*, 106 *N. J. L.* 183; 147 *Atl. Rep.* 55, Mr. Justice Case, speaking for the Court of Errors and Appeals, in discussing *State* (*Ignaciunas*) v. *Nutley*, 99 *N. J. L.* 389; 125 *Atl. Rep.* 121, said:

"It was therein held (Chief Justice Gummere) that 'the legislature in its grant of power to the several municipalities of the state to regulate the use to which a property owner may put his property, even to the extent of prohibiting its use for a particular purpose, limited that power by the provision of the statute that such regulation must "be designed to promote the public health, safety and general welfare." If, therefore, the ordinance, in its application to the property of any particular owner, does not come within the limitation of the statute, to that extent it is without legal justification and void.' The reasoning of the case clearly demonstrated and the opinion concisely held that the ordinary use of property is not authorized by the general welfare clause of the statute to be prohibited because repugnant to the sentiments or desires of a particular class residing in the immediate

neighborhood thereof, but only because such .use is detrimental to the interests of the public at large; 'that the restriction authorized by this provision of the statute upon the untrammeled use of property for promotion of the general welfare of the community must be such as will tend in some degree to prevent harm to the public generally or to promote the common good of the whole people of such community.' "

In *Eastern Boulevard Corp.* v. *Willaredl et al.,* 123 *N. J. L.* 269, it was said: "As to the reasonableness of the restriction, we are of the opinion that the burden was upon the relator to demonstrate that it was unreasonable and that there was no duty upon the town to sustain its reasonableness, in the absence of proof to the contrary." It is our view that prosecutor has produced adequate proof that the ordinance is unreasonable. The defendants have not overcome such proof.

The purposes to be attained by zoning ordinances are clearly set forth in the statute. Which of the declared purposes will the contemplated use of its land by prosecutor violate?

It appears that the contemplated use will not cause undue congestion in the streets; or present lessened security from fire, panic or other danger; or decrease adequate light or air. Nor does it appear that the prohibition of the proposed use will promote health, morals or the general welfare.

The statutory provision is that regulation of the use of property shall be made with reasonable consideration to the character of the district involved and its peculiar suitability for particular uses, and with a view to conserving the value of property and encouraging the most appropriate use of the land. When the proofs are studied, and the whole situation is viewed in the light of the rights of the parties, it appears beyond controversy that the lands herein involved may be most appropriately used for the purposes proposed, and that the limitation of the ordinance upon such use will result in hardship upon its owner.

Upon the whole record, we conclude that the proposed uses are suitable to the district involved, and that such uses will not tend to any injury, inconvenience or annoyance to the community or any individual, and that the withholding

of a permit, under the circumstances, is arbitrary and unjustified.

The ordinance is declared to be void in so far as it prohibits the proposed use of prosecutor's property, and denies the issuance of a permit for such use. No costs to either party.