## Carroll et al. v. Sobel

*Wanda P. Chocallo*, for complainants.
*Edward Unterberger*, for respondent.

ALESSANDRONI, J., June 7, 1949.—A petition for a rule "to show cause why the order for bill to be taken pro confesso for want of an answer against the defendant should not be opened" was filed by defendant before a decree pro confesso was entered.

The docket entries disclose that more than two months after the bill in equity was filed and served, defendant was permitted to place his answer upon the record even though a month prior to the filing of that answer an order for the bill to be taken pro confesso for want of an answer had been entered.

We are thus confronted with an irregular record. The Equity Rules have been promulgated for the purpose of providing orderly procedure in equity actions. We are concerned here with Equity Rule 51, the provisions of which have been determined by our appellate courts to be mandatory in nature: New York Life Ins. Co. v. Sekula et al., 352 Pa. 495; Solar Electric Co. v. Brookville Boro. et al., 300 Pa. 21; 8 Standard Pa. Practice 226.

In Smith v. Glen Alden Coal Co. et al., 347 Pa. 290, the court said that under Equity Rule 51 the court

*must* enter the appropriate final decree after plaintiff has entered an order that the bill be taken pro confesso.

The pertinent rules provide that where an answer is not filed within the period of 30 days from the date of service plaintiff may enter an order, *as of course,* that the bill be taken pro confesso: Equity Rule 50. It is then provided that the court shall proceed ex parte to enter the appropriate final decree which may thereafter be opened, however, and defendant permitted to answer over, upon cause shown, and on such terms and conditions as to the court shall seem meet.

It is apparent, therefore, that there is no authority for the present proceeding, which fails to comply with the Equity Rules, and is premature under the provisions of rule 51.

The petition must be dismissed and after the entry of an appropriate final decree defendant upon cause shown may be entitled to have the same opened.

### Order

And now, to wit, June 7, 1949, defendant's petition to open the order for bill to be taken pro confesso is dismissed.