## Lockwood, Appellant, *v.* Ambridge Borough.

*Practice—Equity—Preliminary injunctions—Appeals.*

1. On an appeal from a decree dissolving a preliminary injunction the established practice is to determine only whether on the facts developed an injunction should have been granted or refused and to withhold any expression of opinion on the merits until after final hearing and decree.

2. A preliminary injunction to restrain a borough from issuing bonds to build a water plant will be dissolved, where it appears that the borough had a right by law to build a water plant, and the only objection alleged by the plaintiffs was the fact that a part of the territory within the limits of the borough was included in a plan of lots by which the owners had reserved to themselves the right to construct water pipes in the highways in the plan for a supply of water.

Argued Oct. 12, 1911. Appeal, No. 191, Oct. T., 1911, by plaintiffs, from decree of C. P. Beaver Co., Sept. T., 1911, No. 4, in case of C. A. Lockwood, G. S. Niver and C. L. McHenry v. Ambridge Borough et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain a borough from issuing bonds to construct a waterworks. Before HOLT, P. J.

At the hearing it appeared that the borough had a right to build a water plant, but the plaintiffs objected that a part of the territory within which the pipes were to be laid, was covered by a plan of lots by which the owners had reserved to themselves the right to lay water pipes in the streets in the plan for a supply of water.

The court issued a preliminary injunction which it subsequently dissolved on motion.

*Errors assigned* were various conclusions of law and in entering order dissolving the preliminary injunction.

*Frank E. Reader,* of *Hice, Morrison, Reader & May,* with him *Lyon & Hunter,* for appellants.

*J. Sharp Wilson,* for appellees, was not heard.

PER CURIAM, January 2, 1912:

This is an appeal from a decree dissolving a preliminary injunction restraining a borough from issuing bonds for the construction of waterworks. The established practice in such appeals is to determine only whether on the facts developed an injunction should have been granted or refused and to withhold any expression of opinion on the merits until after final hearing and decree.

The decree is affirmed at the cost of the appellant.