# Borough of Sunbury v. The Sunbury & Susquehanna Railway Company, Appellant.

*Equity—Equity practice—Preliminary injunction—Appeals—Defects in bill—Amendments—Railroads—Streets.*

1. On appeal from a decree awarding or refusing a preliminary injunction, the Supreme Court will consider only whether any apparently reasonable grounds for the action of the court below existed, and if it so finds will affirm the decree without passing upon the merits of the case unless the record discloses palpable error.

2. A decree awarding a preliminary injunction will not be re-

versed merely because of formal defects in the bill as originally filed when it appears that these defects have been subsequently cured by amendment.

3. Where the court below restrained a railway company by preliminary injunction from laying rails in the streets of a borough without a permit from the borough authorities, the Supreme Court declined to reverse the decree since it did not appear that there were not reasonable grounds for granting the injunction.

*Practice, Supreme Court—Assignments of error—Rules of court.*

4. An assignment of error attacking the sufficiency of an injunction bond will not be considered by the Supreme Court when such assignment violates the rules of court in attempting to raise more than one question, and in omitting to incorporate the bond in the assignment.

Argued April 21, 1913. Appeal, No. 183, Jan. T., 1913, by the Sunbury and Susquehanna Railway Co., from decree of C. P. Northumberland Co., No. 374, In Equity, awarding an injunction, in case of the Borough of Sunbury v. the Sunbury and Susquehanna Railway Co., the Sunbury and Selinsgrove Electric Railway Co., the Northumberland County Traction Co., the Sunbury, Lewisburg and Milton Railway Co., and W. H. Greenough, President, and Boyd A. Musser, Secretary. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction to restrain defendants from laying rails in certain of plaintiff's streets. Before MOSER, J.

The opinion of the Supreme Court states the facts.

The court awarded a preliminary injunction, which was continued until final hearing. The Sunbury and Susquehanna Railway Company appealed.

*Errors assigned,* among others, were in awarding the injunction, and in approving plaintiff's injunction bond.

*J. S. Black,* with him *C. M. Clement, J. Fred Schaffer, C. F. Clement,* and *V. K. Keesey,* for appellant.

*C. R. Savidge,* with him *J. P. Carpenter,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 28, 1913:

The Sunbury and Susquehanna Railway Co. is a Pennsylvania corporation formed by the merger and consolidation of several other railway companies, some of which are named with it as defendants in this case. In improving its lines this company undertook to make connections and lay its rails upon certain highways in the plaintiff borough without having first secured a permit from the municipal authorities. The work was commenced on a day when the judges of the Court of Common Pleas were absent from the county, and a bill in equity praying for an injunction was hurriedly typewritten and dispatched by messenger; a judge was found and the injunction was granted; subsequently an amended and more formal bill was filed, and upon hearing the preliminary injunction was continued, the chancellor stating, "We think the plaintiff has advanced contentions and raised questions of sufficient importance to warrant restraint until a more formal investigation at final hearing, when an opportunity may be had to go over at least some parts of the testimony and give the questions involved careful and deliberate consideration." The defendants have appealed and urge us to reverse the decree and dismiss the bill.

Our uniform rule is that upon an appeal from a decree which refuses, grants or continues a preliminary injunction, we will only look to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied upon are palpably wrong or clearly inapplicable: Delaware & Hudson Co. v.

Olyphant Boro., 224 Pa. 387; North Shore R. R. Co. v. Penna. Co., 231 Pa. 307; Lockwood v. Ambridge Boro., 233 Pa. 521; Keys v. Uniontown Radial Street Ry. Co., 236 Pa. 611.

While the original bill in this case was most informal and may have offended against some of our equity rules, it was hurriedly prepared under stress of extenuating circumstances, and it is not clear that the court below erred in permitting its subsequent amendment. We have repeatedly held that the equity rules are to be strictly adhered to, but we have also held that "it was not intended to say that they were inexorable under all possible circumstances, or to take them out of the ordinary equitable control of a chancellor in the application of chancery rules to exceptional cases" (Hinnershitz v. United Traction Co., 206 Pa. 91, 97). The assignment of error which attempts to question the sufficiency of the injunction bond is defective in several particulars; it offends against Rule 26 of this court in that it embraces more than one point and attempts to raise more than one distinct question; and it violates Rule 39 in that it neither contains a copy of the writing in question nor makes reference to the page where it may be found in the appendix; as a matter of fact we do not find the bond in the actual record returned to this court. We will not at this time pass upon the alleged defects in the original bill or the propriety of the amendments, nor will we consider the attack upon the bond. The other complaints urged by the appellants go to the merits of the case and raise several questions of law which we will not at present adjudge. The learned counsel for the appellants so forcibly argued that this appeal presented exceptional features, and the public necessity for a quick determination of the cause is so apparent, that we have given it immediate consideration; but after a close study we feel that the case falls within the general rule controlling such appeals and must be returned to the court below to be

proceeded with to final hearing. We have disposed of the appeal thus soon after argument so that in the interest of all concerned this final hearing may be speedily held and the case brought to a conclusion.

The decree is affirmed at the cost of the appellants.