## Hoffman, Appellant, *v.* Howell.

*Equity—Equity practice—Preliminary injunction—Appeals—Supreme Court.*

1. The established practice of the Supreme Court on appeals from the awarding or refusing of preliminary injunctions is not to consider the merits of the case, but only to determine whether under the facts presented in the Common Pleas there was reasonable ground for the action of the court.

2. An order dismissing a preliminary injunction was sustained on appeal where it appeared that the injunction was granted on averments in the bill and injunction affidavit, some of which were not supported by proof at the hearing and others of which gave rise to questions that could not be properly considered until after final hearing and decree.

Argued April 20, 1913. Appeal, No. 177, Jan. T., 1913, by plaintiffs, from decree of C. P. McKean Co., June T., 1913, No. 1, in Equity, dissolving a preliminary injunction in case of R. J. Hoffman and C. M. Brooks v. Orville D. Howell. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction to restrain defendant from drilling oil and gas wells on certain land. Before BOUTON, P. J.

From the record it appeared that Junius R. Clark, and Edward K. Clark, being the owners of a tract of land situate in the Borough of Kendall, conveyed a part thereof to Wilson Green. The deed to Green contained the following reservation:

"The party of the first part reserves all the oil and gas on the premises hereby conveyed, but agrees not to locate any well on any parcel hereby conveyed."

Green's title subsequently became vested in the defendant, and the title of the Clarks descended to Ellen C. Hanna and Mary E. Clark, who leased the whole tract above mentioned, together with certain other

lands, to the plaintiffs, reserving however, "all lots of land which have heretofore been conveyed from any of the above described tracts of land." Later Mary E. Clark and Genevieve Clark Hanna, the devisee of Ellen C. Hanna, undertook to convey to the defendant "all the oil and gas in, under and upon the land above described, (the land of the defendant), reserved by them or their predecessors."

The defendant was about to drill a well upon his land for the purpose of removing oil therefrom, when plaintiffs filed a bill in equity to restrain defendant from drilling such well or wells, alleging that Mary E. Clark and Ellen C. Hanna had declared at the time of leasing the property to plaintiffs that no wells should be drilled on defendant's land by defendant, and that relying on such declarations and on covenants contained in various recorded deeds, plaintiffs had paid their lessors $16,000 for the privilege of taking oil and gas from the whole of the leasehold estate, which they averred gave them the right to take oil and gas from defendant's land. There was no evidence of the declarations alleged in the bill. A preliminary injunction was granted, which, upon motion for a continuance thereof until final hearing, was dissolved. From the decree dissolving the injunction, plaintiffs appealed.

*Error assigned,* among others, was in dissolving the injunction.

*Edgar W. Tait,* with him *Edwin E. Tait,* for appellants.

*J. E. Mullin,* with him *Thomas B. Wilson,* for appellee.

PER CURIAM, June 27, 1913:

This appeal is from an order dissolving a preliminary injunction restraining the defendant from drilling oil

or gas wells on his own land. The injunction was granted on averments in the bill and injunction affidavit, some of which were not supported by proof at the hearing and others give rise to questions that cannot be properly considered until after final hearing and decree. Our established practice on appeals from the awarding or refusing of preliminary injunctions is not to consider the merits of the case, but only to determine whether under the facts presented in the Common Pleas there was reasonable ground for the action of the court.

The decree is affirmed at the cost of the appellant.