## Casinghead Gas Co., Appellant, *v.* Osborn.

*Appeals—Equity—Preliminary injunction—Dissolution of injunction—Error of law—Practice, equity—Oil and gas lease—Forfeiture—Failure to pay rent—Protection of lessor.*

1. On appeal from decree dissolving preliminary injunction, the established practice is to determine whether, on the facts as disclosed by the record, an injunction should have been granted, and to withhold any expression of opinion on the merits until after the final hearing and decree.

2. Where on such appeal it appears, from the facts as presented by the record, that the court below based its action on a fundamental error of law, the propriety of the decision is squarely raised, and may be disposed of without infringement of the governing rule.

3. Where the court below dissolves a preliminary injunction in violation of the rule that a provision in an oil and gas lease rendering the lease void for failure to pay rent as stipulated, is for the protection of the lessor, the appellate court will reverse the decree, and direct that the injunction be reinstated.

Argued January 20, 1921. Appeal, No. 138, Oct. T., 1920, by plaintiff, from decree of C. P. Venango Co., dissolving preliminary injunction, in case of Casinghead

Gas Co. v. J. B. Osborn et al. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bill in equity for injunction. Before CRISWELL, P. J. The opinion of the Supreme Court states the facts.

The court dissolved a preliminary injunction previously granted. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*J. V. Frampton,* with him *J. S. Carmichael, Peter M. Speer* and *J. H. Courtney,* for appellant, cited as to the construction of the lease: Wills v. Mfg. Nat. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Liggett v. Shira, 159 Pa. 350; Cochran v. Pew, 159 Pa. 184; McMillan v. Phila. Co., 159 Pa. 142; Leatherman v. Oliver, 151 Pa. 646; McKean Nat. Gas Co. v. Wolcott, 254 Pa. 323; Jones v. Gas Co., 146 Pa. 204.

As to equity jurisdiction: Conemaugh Gas Co. v. Gas Co., 186 Pa. 443; Penna. Co. etc., v. Fire Ins. Co., 181 Pa. 40; Vail v. Osburn, 174 Pa. 580.

*E. C. Breene,* with him *C. W. Benedict,* for appellees.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 14, 1921:

In this case the court below granted a preliminary injunction, which it subsequently dissolved; plaintiff has appealed.

The "established practice on such appeals is to determine only whether on the facts developed [as "disclosed by the record": Bixler v. Swartz, 257 Pa. 300, 304] an injunction should have been granted, and to withhold any expression of opinion on the merits until after final hearing and decree": Lockwood v. Ambridge Boro., 233 Pa. 521, 522.

"An interlocutory injunction is provisional and concludes no right"; this is so, even after its affirmance on an appeal of the character now before us: Paxson's App., 106 Pa. 429; see also Gemmell v. Fox, 241 Pa. 146, 151; Winston v. Ladner, 264 Pa. 548, 550-51.

When on such an appeal it appears, from the facts as presented by the record, that the court below based its action on a fundamental error of law, the propriety of the decision is "squarely raised" and "may be disposed of without any infringement of the [governing] rule": Keys v. Uniontown R. S. Ry. Co., 236 Pa. 611, 613.

So far as the present record indicates, the right here "threatened with invasion" being "an unquestionable one," dependent upon immediate equitable relief for adequate protection from "irreparable injury" (Oberly v. Frick Coke Co., 262 Pa. 83, 89), and, no reasonable basis for the action of the chancellor in refusing such relief appearing, it will be our duty to reverse if the grounds depended on to sustain such refusal disclose "palpable error," (Holden v. Llewellyn, 262 Pa. 400, 403); which brings us to a consideration of what the court below states as the sole ground in support of its action, namely, the legal conclusion that the contract between the parties lacks mutuality; this consideration can be accomplished best by first quoting, somewhat at length, from the opinion of the court below.

The opinion states: "Whether or not plaintiff is entitled to a continuance of the preliminary injunction until final hearing, is a......serious question. Its complaint is founded upon an agreement in writing, bearing date the 21st day of September, 1911, between M. Stewart of the first part and the plaintiff of the second part, by the terms of which the party of the first part was to sell and deliver to the party of the second part all the natural gas produced from wells then in operation or thereafter to be drilled on a certain leasehold, then being operated for oil, and the party of the second part agreed to receive the same and pay therefor, at certain

designated times, a stipulated price; the business of the party of the second part was that of extracting from natural gas, by the compression method, the gasoline therein. It [the party of the second part] further agreed to furnish and deliver back to the party of the first part, free of cost, sufficient gas to operate the engines and supply dwellings on the leasehold. While not so expressed, it was understood that the gas to be furnished and delivered back.......was that from which the gasoline had been extracted. The agreement was for a period of twelve months, and as long thereafter as gas should be found in paying quantities, and settlements were to be made quarterly......, for all gas previously delivered by meter measurements.

"The plaintiff, averring that defendants, the present owners of the said leasehold, have disconnected or failed to connect some of their lines with that of the plaintiff, and failed to deliver all the gas produced from the leasehold to it [the plaintiff], but were using a part thereof on the said lease, and had notified the plaintiff of their intention to wholly disconnect such lines, declaring the said agreement void and demanding that the plaintiff disconnect its lines from the said property and remove all its property from the lease on or before April 1, 1920, ask that the defendants be restrained from using any gas produced on the said lease, until after the same shall have been delivered to the plaintiff, and from disconnecting or severing any of their lines from that of the plaintiff and [further] that they be required to specifically comply with the terms and provisions of the said contract on their part to be kept and performed......

"On the part of defendants a fundamental question is raised, as to the right of plaintiff to specific performance of said contract and an injunction as prayed for, in view of the terms of the contract upon which the application is based......[Since the instrument in question provides] 'In the event of the failure of the party of the second part to make said settlement and payment

within ten (10) days from the above date [meaning the quarterly pay days provided for in the contract] it is mutually understood and agreed that this agreement shall become null and void, save as to liability of second party for moneys due.' "

The court then proceeds, in view of the provision just quoted, to construe the agreement between the parties as follows: "By the terms of such contract the plaintiff may at any time terminate it by failing for the period of ten days to make settlement and payment for the gas received by it......"; after which, the opinion states: "Since under the terms of the contract relied on by plaintiff it is at liberty to withdraw therefrom at any time, relieving itself of further liability thereunder, it follows ......a court of equity will not, at its [plaintiff's] instance, require specific performance of the contract by the other parties thereto." On that ground alone, the preliminary injunction was dissolved.

We are unable to agree with the learned court below that the provision for cancellation, upon failure of plaintiff corporation to make the payments stipulated in the agreement, renders the contract unenforceable for lack of mutuality on the ground that it gives the purchaser (plaintiff) an undue advantage over the seller (defendant). It is established in Pennsylvania that provisions such as the one in question are intended for the benefit and protection of the seller, not of the purchaser, and that the former alone can take advantage thereof: Wills v. Manufacturers' Natural Gas Co., 130 Pa. 222, 229; Ray v. West Pennsylvania Natural Gas Co., 138 Pa. 576, 589; McKean Natural Gas Co. v. Wolcott, 254 Pa. 323.

We shall follow the general rule, referred to at the beginning of this opinion, and not at this time further pass upon the case or the principles of law applicable thereto; such consideration must await the final hearing and decree.

The decree is reversed at cost of appellee, and the record is remitted to the court below with instructions to reinstate the preliminary injunction.