# National Automobile Service Incorporation, Appellant, *v.* Barfod.

*Appeals—Equity — Preliminary injunction — Dissolution of injunction—Interlocutory order—Error of law—Practice—Equity— Act of June 12, 1879, P. L. 177.*

1. Where a preliminary injunction is granted subject to a motion to continue, and such motion is afterwards overruled, and the injunction dissolved, a situation is created equivalent to the refusal of a preliminary injunction, and the decree so made constitutes an appealable order within the meaning of the Act of June 12, 1879, P. L. 177, which provides for an appeal "in all cases in which a preliminary injunction has been refused."

2. The established rule in appeals from orders dissolving injunctions is to determine whether, on the facts developed, an injunction should have been refused, and to withhold expression of opinion on the merits and law until after final hearing and decree.

3. Where, on such an appeal, it appears from the facts as presented by the record that the court below based its action on a fundamental error of law, the propriety of the decision is squarely raised, and may be disposed of without infringement of the governing rule.

4. But the rules of law relied upon by the court below must be palpably wrong or clearly inapplicable before the Supreme Court will review them on such an appeal.

5. In order to bring the case within the above rule, on the theory that a statute, under which the court below has acted, is unconstitutional, it must plainly appear from the facts presented by the record that, first, the complainant is one who has been directly affected by what he claims to be the unconstitutional part or feature of the statute in question, and, next, by stipulation or otherwise, that, should the act be declared unconstitutional, such ruling will end the case.

Motion to quash appeal No. 19, May T., 1927.

PER CURIAM, January 3, 1927:

Defendant has moved to quash, on the grounds that the "order appealed from is purely interlocutory" and that "there is no act......which authorizes the appeal."

The Act of June 12, 1879, P. L. 177, provides for an appeal "in all cases in equity in which a......preliminary injunction has been refused." The present case involves an appeal from an order dissolving a preliminary injunction. The injunction under attack was first granted subject to a motion to continue, which motion was afterward overruled and the injunction dissolved. This state of affairs has repeatedly been treated by us as equivalent to the refusal of a preliminary injunction and as constituting an appealable order within the meaning of the Act of 1879; for recent instances see Lockwood v. Ambridge Borough, 233 Pa. 521; Casinghead Gas Co. v. Osborn, 269 Pa. 395; Bethlehem v. Allentown, 275 Pa. 110.

Plaintiff's reply to defendant's motion to quash states that the "main issue" involved is the constitutionality of the Act of May 10, 1921, P. L. 442, and that this "can be disposed of upon the pending appeal and will probably be conclusive of the case."

In Casinghead G. Co. v. Osborn, 269 Pa. 395, 397, we said: "An interlocutory injunction is provisional and concludes no right; this is so, even after its affirmance

on an appeal of the character now before us.  When on such an appeal it appears, from the facts as presented by the record, that the court below based its action on a fundamental error of law, the propriety of the decision is squarely raised and may be disposed of without any infringement of the governing rule." But "the rules of law relied on [by the court below must be] palpably wrong or clearly inapplicable" (Sunbury Boro. v. Sunbury Co., 241 Pa. 357, 359) before we will review them on such an appeal.

In order to bring a case within the above rule, on the theory that a statute, under which the court below has acted, is unconstitutional, it must plainly appear from the facts presented by the record, first, that the complainant is one who has been directly affected by what he claims to be the unconstitutional part or feature of the statute in question (Mesta Machine Co. v. Dunbar F. Co., 250 Pa. 472, 476; Reeves v. Phila. Suburban Water Co., 287 Pa. 376), and, next, by stipulation or otherwise, that, should the act be declared unconstitutional, such ruling will end the case; for the established practice in appeals from orders dissolving preliminary injunctions is to determine only whether, on the facts developed, an injunction should have been refused, and to withhold expression of opinion on the merits and law until after final hearing and decree. In short, no point is passed on which is not absolutely essential to the determination of the single question, Is the order appealed from obviously erroneous? With this warning to appellant,

The motion to quash is overruled.