Commonwealth of Pennsylvania to Use, Appellant,
v. Gilliam et al.

78

Argued October 16, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Michael J. O'Callaghan,* and with him *Albert T. Bauerle,* for appellant.—The court erred in holding that Section I of the Act of June 12, 1879, P. L. 177, providing that the pendency of an appeal from the refusal of a preliminary injunction shall not suspend proceedings in the original suit, applied to the case at bar: Commonwealth v. Hill, 185 Pa. 385; Platt-Barber Co. v. Groves, 193 Pa. 475.

The appeal of the defendants from the decree of the court, refusing a preliminary injunction, and the entry of recognizance, was a supersedeas, preventing plaintiff from recovering possession of his property: Rhodes v. Terheyden et al., 272 Pa. 397; Parry v. First National Bank of Lansford, 270 Pa. 556; Evans v. McDonald Construction Co., 284 Pa. 593; Com. v. Lenhart, 233 Pa. 526; Estate of Daniel Gleeson, 192 Pa. 279; Commonwealth v. Gould, 48 Pa. Superior Ct. 528.

*Thos. R. Hall,* for appellee, but no printed brief.

OPINION BY BALDRIGE, J., January 29, 1930:

The property of the Gilliams located at 6110 Oxford Street, Philadelphia, was sold by the sheriff to the appellant, the execution creditor, and duly conveyed to him on July 18, 1924.

The possession of the property was in Lloyd V. Gilliam and his wife, Edna M. Gilliam, who refused to surrender it. A citation was issued under the Act of April 20, 1905, P. L. 239. On July 22, 1925, the appellant obtained a judgment for possession of the property and the sum of $1,792.55 was assessed as damages for illegal detention. On September 30, 1925, the Gilliams filed a bill in equity against the appellant praying for an account and for a conveyance of the Oxford Street property. On October 15, 1925, the appellant caused a writ of possession for the premises in

dispute to be issued on his judgment. The Gilliams thereupon applied for a preliminary injunction to restrain him from proceeding with this writ. On November 14, 1925, the court refused to grant an injunction; an appeal was taken to the Supreme Court, and a bond was filed December 3, 1925. The decree of the lower court was affirmed. See Gilliam et al. v. Randal, 285 Pa. 377.

The present action was then brought in the name of the Commonwealth for the use of the appellant against Lloyd V. Gilliam and Edna M. Gilliam as principals, and Angeletta and Evans as sureties, in the appeal bond. The appellant sought to recover:

First: The sum of $1,792.55 represented by a judgment he obtained on July 22, 1925, against the Gilliams as damages for the unlawful detention of No. 6110 Oxford Street up to July 13, 1925, with interest thereon.

Second: The sum of $302 as damages for the unlawful detention of the property from July 13, 1925, to October 15, 1925.

Third: The sum of $550 as damages for the unlawful detention of the property from October 15, 1925, to March 5, 1926.

Fourth: The sum of $30 for the cost of printing appellee's paper books on the Gilliam appeal.

An affidavit of defense was filed raising questions of law involving the right of the plaintiff to recover under the bond. The lower court held that the statement of claim set forth a valid cause of action so far as it related to the fourth item amounting to $30 for costs of printing, "and that it sets forth no other valid cause of action."

The condition of the bond in suit reads as follows:

"Now the condition of this obligation is such that if the said appellants shall prosecute the appeal with effect and shall pay the amount finally adjudged to be due upon said order, judgment or decree, including

legal interest and costs and will not commit or suffer to be committed any waste on the property in dispute, and shall pay all costs and damages by the appellate court or legally chargeable against said appellees from the time of the decree entered, and all mesne profits accruing after judgment, if any, then the above obligation to be void or else to remain in full force and virtue.''

The claims of the appellant represent damages accruing prior, as well as subsequent, to the entry of the decree of the lower court dismissing the bill for an injunction. The condition of the bond provides that the obligor shall pay all costs and damages chargeable against the appellee ''from the time the decree was entered.'' Clearly, it was never contemplated that the obligors in the bond were to be held liable for damages incurred prior to the bringing of the equity suit; that was not a liability that arose under the bond in suit; the conditions of the bond cannot possibly be so construed.

As to the damages incurred after the bringing of the suit, the lower court held that the appeal of the Gilliams was not a supersedeas, and, if the appellant desired to eject them from the premises, no legal obstacle prevented him from doing so. We agree with that view.

The Act of June 12, 1879, P. L. 177, provides that in all cases in equity in which a special or preliminary injunction has been refused, an appeal to the Supreme Court may be taken and the pendency of such an appeal shall not suspend the proceedings in an original suit.

The appellant contends that the Act of 1879 was repealed by the Act of May 19, 1897, P. L. 67, which provides for ''regulating the practice, bail, cost and fees on appeals to the Supreme Court and the Superior Court.'' Section 9 thereof states that an appeal from

an order or decree granting an injunction, or relief in the nature thereof, shall operate as a supersedeas if the appellant gives bond with sufficient surety or sureties, but it nowhere stipulates that in the event a preliminary injunction has been refused and an appeal taken, the appeal shall operate as a supersedeas.

The Act of 1897 repeals specifically a number of statutes, but the Act of 1879 is not mentioned as one of them. Following the repeal of these special acts there was a general repeal of "all other acts and parts of acts, general, special or local, appertaining to the subject matter covered by this act." The subject matter of the Act of 1879, however, was not embraced in the 1897 Act and its provisions were unaffected by the general repeal clause in the 1897 legislation. Our Supreme Court has recognized recently that the Act of 1879 is still in effect: National Auto Service Incorporation v. Barfod, 288 Pa. 227; Chiswell v. Campbell et al., 296 Pa. 228.

As the Act of 1879 was in force, the appellant could have proceeded with his action to obtain possession of the property. He was not, therefore, deprived the use of his property by reason of the appeal in the equity case.

The judgment of the lower court is affirmed.