## Stim et al. *v.* Bezinec et al., Appellants.

Argued January 19, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Julius Levy,* with him *Clarence J. Wing, Paul Barna* and *Stephen F. Samogyi,* for appellants.

*Clarence Balentine,* with him *Edward J. Kelly,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellees.

PER CURIAM, March 22, 1937:

This is an appeal from a decree awarding a preliminary injunction and the dismissal of preliminary objections thereto. Appellants contend that the injunction was improperly granted because none of the affidavits, accompanying the bill, stated that "immediate and irreparable loss or damage will result to the plaintiffs before the matter can be heard on notice," as required by our Equity Rule 38.

The established practice of this court on appeal from the granting or refusal of a preliminary injunction is to refrain from the expression of any opinion on the merits of the case or the law applicable thereto, unless it is apparent that the lower court's action was based upon a fundamental error of law, which is conclusive of the rights of the parties: *Nat. Auto. Serv., Inc., v. Barfod,* 288 Pa. 227; *Phila. Rec. Co. v. Curtis-Martin Newspapers, Inc.,* 305 Pa. 372, 378; *Ross Common Water Co.*

*v. Blue Mountain Consolidated Water Co.,* 228 Pa. 235. Appellants rely upon *Juniata Water Co. v. Wilson Electric Co.,* 226 Pa. 407, to support their contention that the granting of the preliminary injunction was improper in the absence of any express averment of immediate and irreparable loss or damage in the injunction affidavits. This reason was not assigned in the preliminary objections on which the court below acted, but it will be disposed of here.

The Juniata case does not control the instant one. There, no injunction affidavits were filed and no security was required. This court held that the error could not be cured subsequently, as this would permit the granting of an injunction "without competent proofs on the faith of evidence to be produced afterwards." In the case at bar security was required and the bill was accompanied by four injunction affidavits, all of which set forth facts showing that immediate and irreparable damage would result if an injunction was not granted at once. They also set forth equities in appellees which fully warranted the court in acting to protect them until final hearing. In other words, while appellees inadvertently neglected to make express mention of the imminent danger of "irreparable loss," the affidavits filed with the bill in substance made it apparent that such damage would result if immediate relief was not granted. This purely formal defect was cured a few days later by filing an affidavit containing these words.

As testimony has been taken by the court below in regard to the continuance of the preliminary injunction, the matter is now sub judice and there is prospect of a decision in the near future. Considering the entire record, the court below did not err in granting the preliminary injunction.

**Decree affirmed.**