## Harrisburg Dairies, Inc., *v.* Eisaman et al., Appellants.

Argued November 22, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry Polikoff,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellants.

*A. Evans Kephart,* for intervenors.

*Willis F. Daniels,* for appellee.

PER CURIAM, November 29, 1937:

This is a bill in equity to restrain the members of the Milk Control Commission from enforcing the provisions of Article V of the Act of April 28, 1937, P. L. 417. This article, section 501, provides that dealers purchasing milk from producers must file with the Commission a bond, conditioned for the payment by the dealer for all milk purchased. The other sections of this article contain provisions relative to these bonds. The court below granted a preliminary injunction and subsequently continued the same until final hearing. From this action this appeal is taken.

As recognized by the court below, the bill raises grave questions of constitutional law which can only be properly considered after a careful appraisal of all the relevant facts and circumstances. The postponement of these questions until final hearing was entirely reasonable. "Our general rule is that on appeals from granting preliminary injunctions by the lower court, we will not interfere except in cases entirely free from doubt": *Hoffman v. Johnstown & Somerset Ry. Co.*, 309 Pa. 183, 163 A. 513. "On an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable": *Com. v. Katz*, 281 Pa. 287, 288, 126 A. 765. See also *Stim v. Bezinec*, 325 Pa. 492, 190 A. 894.

Appeal dismissed.