## Rubin, Appellant, v. Bailey.

Argued January 14, 1960. Before Jones, C. J., Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Nathan L. Posner*, with him *Ramon R. Obod*, and *Foulke, Knight and Porter*, and *Fox, Rothschild, O'Brien & Frankel*, for appellants.

*Herbert C. Nelson,* Assistant District Attorney, with him *J. Bradley Taylor,* Assistant District Attorney, and *Bernard E. DiJoseph,* District Attorney, for appellees.

*W. James MacIntosh,* with him *Russell C. Dilks, Benjamin M. Quigg, Jr., Arthur Littleton,* and *Morgan, Lewis & Bockius,* for amicus curiae.

OPINION BY MR. CHIEF JUSTICE JONES, January 22, 1960:

This appeal by the four original plaintiffs, joined by fifty-five intervenors, is from an order of the court below dissolving a preliminary injunction which the court had granted on the complainants' motion and affidavits. The injunction had restrained temporarily the chief of police of Montgomery Township, Montgomery County, and the district attorney of the County, from arresting or threatening to arrest the plaintiffs for alleged violations of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4699.4, as amended by the Act of August 10, 1959, P. L. 660. The amendatory Act, which is now Section 699.10 of The Penal Code, proscribes the selling of certain personal property on Sunday and prescribes fines and penalties for violations. All of the appellants are retail merchants located at the Montgomeryville Merchandise Mart in Montgomery Township, Montgomery County. The plaintiffs' complaint challenges the constitutionality of the amendatory Act of August 10, 1959, on the ground that it violates both the State and Federal Constitutions. By this appeal, they seek reinstatement of the preliminary injunction pending final hearing and ultimate disposition of their complaint.

The dissolution of a preliminary injunction is tantamount to a refusal *in limine* of such relief and constitutes an appealable order. The concept was clearly

expressed in *Annenberg v. Roberts,* 333 Pa. 203, 208, 2 A. 2d 612, as follows: "Where a preliminary injunction is granted subject to a motion to continue, and such motion is afterwards overruled and the injunction dissolved, the situation is treated on appeal as equivalent to the refusal of a preliminary injunction and the decree of dissolution as constituting an appealable order within the meaning of the Act of June 12, 1879, P. L. 177: National Automobile Service, Inc. v. Barfod, 288 Pa. 227." Or, as reiterated in *Aldrich v. Geahry,* 360 Pa. 376, 378, 61 A. 2d 843, citing the *National Automobile Service* case, supra, "It is now well established that an order dissolving a preliminary injunction, under these circumstances, is 'equivalent to the refusal of a preliminary injunction and as constituting an appealable order' ".

It is equally well settled that the scope of review on an appeal from the grant or refusal of a preliminary injunction, is ordinarily narrowly restricted. As stated in *Hoffman v. Howell,* 242 Pa. 112, 114, 88 A. 877, "Our established practice on appeals from the awarding or refusing of preliminary injunctions is not to consider the merits of the case, but only to determine whether under the facts presented in the Common Pleas there was reasonable ground for the action of the court." The foregoing was quoted with approval in *Aldrich v. Geahry,* supra. However, where ". . . it is apparent that the lower court's action was based upon a fundamental error of law, which is conclusive of the rights of the parties", the action of the court below will be reversed: *Stim v. Bezinec,* 325 Pa. 492, 493, 190 A. 894, citing cases. These oft-repeated rules were summarized in *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 343-344, 123 A. 2d 626, where we said that, "on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of

the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable: [citing cases]." The same criteria are applicable to an appeal from the dissolution of a preliminary injunction. The question, then, for our present consideration is whether the court below had reasonable grounds for its action.

In *Annenberg v. Roberts,* supra, after again stressing that, on appeal from the dissolution of a preliminary injunction, this court will not express an opinion on the merits except where the record discloses a fundamental error of law, it was further observed that (at page 208) "Because of this one exception to the general rule [i.e., fundamental error of law], if the court below relied upon the authority of a statute which is plainly unconstitutional, and a decision to that effect will determine the case, the appellate court will reverse the order dissolving the injunction," citing *National Automobile Service, Inc. v. Barfod,* supra.

In considering the constitutionality of a statute several basic and imperative rules are to be kept clearly in mind. First of all, the Statutory Construction Act of 1937 admonishes "That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth": Act of May 28, 1937, P. L. 1019, Art. IV, §52(3), 46 PS §552(3). Thus, a legislative enactment is attended by a legal presumption of its constitutional validity. In *Hadley's Case,* 336 Pa. 100, 104, 6 A. 2d 874, it was said to be ". . . axiomatic that he who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so. . . . All presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them." Of course, the presumption of constitution-

276

ality is not conclusive but the requirements for rebutting it are indeed exacting. Consequently, " '. . . we can declare an Act of Assembly void, only when it violates the Constitution *clearly, palpably, plainly; . . .*' " : *Tranter v. Allegheny County Authority,* 316 Pa. 65, 75, 173 A. 289, quoting *Sharpless v. Mayor of Philadelphia,* 21 Pa. 147, 164. As was more comprehensively stated in *Kelley v. Baldwin, Auditor General,* 319 Pa. 53, 54, 179 A. 736, "An Act may not be declared unconstitutional unless 'it violates the constitution *clearly, palpably, plainly;* and in such manner as to leave *no doubt* or hesitation in our minds': Sharpless v. Mayor, 21 Pa. 147, 164; Tranter v. Allegheny County Authority, 316 Pa. 65, 75." See, also, *Sablosky v. Messner,* 372 Pa. 47, 50, 92 A. 2d 411.

Mindful of these firmly entrenched principles applicable to a question of a statute's constitutional validity, we do not think that the constitutionality of the Act of August 10, 1959, No. 212, is so doubtful as to render unreasonable the lower court's refusal to continue its preliminary restraint of the Act's enforcement. We have it on high authority that it does not violate the Constitution of the United States. In *Two Guys From Harrison-Allentown, Inc. v. Paul A. McGinley, District Attorney, County of Lehigh, Pennsylvania,* 179 F. Supp. 944 (E.D., Pa., Dec. 1, 1959), Judge HASTIE, speaking for a three-judge federal court, said, with respect to the constitutionally unoffensive character of this very amendment of 1959, that the plaintiff's contention that it constituted State action promoting "an establishment of religion" contrary to the prohibition of the First Amendment as made applicable to the States by the Fourteenth Amendment, did not present a substantial federal question, citing *Friedman v. New York,* 341 U. S. 907 (1951). It was also held in the *Two Guys From Harrison* case, supra, that the 1959 amendment does not deny due process or the equal pro-

tection of the laws contrary to the complainant's contentions that (1) in combination with The Penal Code of 1939, the 1959 amendment singles out and makes illegal only certain types of Sunday activity, (2) penalizes the retail merchandising of certain items much more onerously than other proscribed Sunday activity is penalized, (3) constitutes an arbitrary economic regulation and (4) is discriminatorily enforced. Accordingly, the injunctive relief sought in that case was denied and the preliminary injunction, which the court had theretofore granted, was dissolved.

Since the Federal Court has held that the Act of 1959 does not violate the "due process" clause of the Fourteenth Amendment of the Federal Constitution or the "establishment of religion" provision of the First Amendment, which the Fourteenth Amendment impliedly adopts, it would be unreasonable for us to conclude, at this procedural stage, that the Act plainly violates Article I, Section 1, or Section 3, of the Pennsylvania Constitution. Likewise, since it has also been held that the Act of 1959 does not violate the "equal protection" clause of the Federal Constitution, it would be equally unreasonable for us to conclude that the Act plainly violates Article III, Section 7, or Article XVI, Section 3, of the Pennsylvania Constitution. Obviously, therefore, we cannot say that the court below acted unreasonably in concluding that the presumption of the statute's constitutional validity has not been sufficiently impugned to warrant the continuance of the preliminary injunction.

The order dissolving the preliminary injunction is affirmed at the appellants' costs.