Mr. and Mrs. Barry Miller, et al, Appellants *v.*
Lower Merion School District, et al, Appellees.

Argued October 7, 1975, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*John C. Bonner,* for appellants.

*Charles Potash,* for appellees.

OPINION BY JUDGE ROGERS, November 6, 1975:

The appellants, the parents of 13 public school students, filed their complaint in equity in the Court of Common Pleas of Montgomery County seeking a preliminary and permanent injunction restraining the Lower Merion School District from transferring their children from the Merion to the Bala Elementary School. The complaint was filed August 28, 1974 and on the same day Judge SMILLIE granted an ex parte preliminary injunction requested by the plaintiffs and scheduled a hearing on the continuance of the injunction for September 3, 1974. It appears from the record that school was scheduled to commence in Lower Merion Township on September 4, 1974. Judge CIRILLO conducted a hearing on the injunction on September 3, 1974 and on the following day handed down an order dissolving the preliminary injunction. In the same order the judge sustained preliminary objections which had been in the meantime filed by the defendants and dismissed the plaintiffs' complaint. On September 25, 1974 Judge CIRILLO handed down a second order dissolving the ex parte injunction and releasing a $200 bond which had been filed by the plaintiffs.

We can find nothing in the record which suggests that the defendants' preliminary objections were ever the subject of argument in the court below. No mention of them was made at the hearing conducted by Judge CIRILLO and the briefs and arguments made in this Court addressed themselves solely to the propriety of the dissolution of the preliminary injunction. We conclude, therefore, that the judge's actions sustaining preliminary objections and dismissing the complaint by the order of September 4, 1974 were inadvertant and that we have before us for review only the propriety of Judge CIRILLO's action dissolving the ex parte injunction.

The scope of our review is narrow, as appears by its description in *Stander v. Kelley,* 432 Pa. 1, 246 A.2d 649 (1968):

"This is an appeal from an Order denying a preliminary injunction. In such a case, the issue before this Court and our scope of review is whether there was a clear abuse of discretion, or palpable legal error, and the merits of the case are not considered or decided: City Line Open Hearth, Inc. v. Hotel, Motel & Club Employees' Union, 413 Pa. 420, 436, 197 A.2d 614; Mc Donald v. Noga, 393 Pa. 309, 311, 141 A.2d 842.

"In McDonald v. Noga, 393 Pa., supra, the Court said (page 311) : 'On an appeal from a decree granting or refusing a preliminary injunction, the appellant has a very heavy burden to overcome; such a decree will not be interfered with upon appellate review in the absence of a plain abuse of discretion by the court below: Aldrich v. Geahry, 360 Pa. 376, 379, 61 A.2d 843. . . .'

"In City Line Open Hearth, Inc. v. Hotel, Motel & Club Employees' Union, 413 Pa., supra, the Court said (page 436) : 'On an appeal from the grant or refusal of a preliminary injunction, the test in this Court is well settled. We consider and decide, not the merits of the case but only whether there were any apparently reasonable or justifiable grounds for the action of the Court below; and if such exists, the Decree (or Order) will be affirmed unless the record presents palpable legal error: . . . .'

"We place our decision on the well recognized ground that there was no clear abuse of discretion, or palpable legal error." 432 Pa. at 2-3, 246 A.2d at 649-50. (Citations omitted.)

We find ample grounds for the order appealed from. While it is unnecessary for us to consider and decide the merits, we will nevertheless comment briefly on the issues and the evidence in the interest of completeness.

The appellants alleged and adduced evidence tending to show that their children had during the previous school year attended the Merion Elementary School but had been assigned for the ensuing 1974-1975 school year to the Bala Elementary School, which latter is within walking distance from their homes; that instruction at both the Merion and the Bala Schools were conducted in accordance with an innovative program referred to as an "open classroom" plan; that the transfer of the plaintiffs' children, as well presumably of other children similarly located, to the Bala school was made pursuant to a general rearrangement of attendance districts by the school board; that the Bala school had been originally designed for children in grades Kindergarten through 3 but would be required to accommodate children in grades Kindergarten through 6; that the Bala school is not properly designed or equipped to accommodate pupils in grades Kindergarten through 6; and, finally, that students in other attendance areas were given the option to attend one of several elementary schools, a privilege not accorded the plaintiffs' children and other pupils of their attendance area. The appellants complain that their children at both Merion and Bala are being forced to be the subjects of experimental education programs, that the Bala school has inferior and inadequate facilities for educating children in grades Kindergarten through 6, and that they are denied equal protection because pupils in other attendance areas have a choice of schools. They say that these alleged circumstances demonstrate that the school board abused its discretion to designate the schools to be attended by its pupils conferred by Section 1310 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1310.[1]

---

1. Section 1310 reads pertinently as follows:

"The board of school directors of every school district or joint school shall, for the purpose of designating the schools

The defendants adduced proof by the testimony of the school Superintendent that the teaching techniques at Bala were essentially the same as those the plaintiffs' children had experienced at Merion; that the Bala school contains adequate facilities for teaching grades Kindergarten through 6, emphasizing that the State Department of Education had approved the school for such use; and that the assignment of the plaintiffs' children to the Bala school without option was deemed necessary in order to insure a stable and sufficient school population at that facility. The defendants' proofs provided reasonable and justifiable ground for the refusal of the court to disturb the School Board's attendance plan. *See Zebra v. Pittsburgh School District,* 449 Pa. 432, 296 A.2d 748 (1972); *Hibbs v. Arensberg,* 276 Pa. 24, 119 A.727 (1923).

The plaintiffs also state that the denial to their children of an option of schools granted to other pupils violates their right to equal protection of the laws. A classification for purpose of school assignment based on the residence of the persons assigned seems clearly reasonable. Indeed, our Supreme Court has held that the broad discretion given school boards in the assignment of pupils is not abused by requiring attendance at schools removed from their neighborhoods. *Balsbaugh v. Rowland,* 447 Pa. 423, 290 A.2d 85 (1972).

We find no clear abuse of discretion or palpable error of law in the action of the court dissolving the ex parte preliminary injunction. We therefore affirm the lower

to be attended by the several pupils in the district or area served by the joint board, subdivide the district or joint school in such manner that all the pupils in the district shall be assigned to, and reasonably accommodated in, one of the public schools in the district or joint school. The board of school directors may, upon cause shown, permit any pupil or pupils in any school district to attend such other school in the district as the board may deem proper, or may classify and assign the pupils in the district to any school or schools therein as it may deem best, in order to properly educate them...."

court's action in this regard. We vacate its actions sustaining the defendants' preliminary objections and dismissing the complaint and remand the record for such further proceedings as the parties desire to pursue.