## The Atlantic Refining Co. v. Cohen et al. No. 1

*Saul, Ewing, Remick & Saul*, for plaintiff.
*Edward Davis*, for defendants.

BROWN, JR., J., November 2, 1938.—Plaintiff has
presented a petition praying for a reargument of the
motion for preliminary injunction on the ground that the
Labor Anti-Injunction Act of June 2, 1937, P. L. 1198,
is unconstitutional.

The motion for a preliminary injunction was dis-
missed because the case, as it was then presented, in-
volved a "labor dispute" within the meaning of the act,
and the requirements of the act had not been satisfied.
The question of the unconstitutionality of the act was not
raised, and so it was not considered.

A preliminary injunction is what the words connote;
i. e., a restraining order preliminary to trial, and whether

the motion is granted or refused, the case is not finally adjudicated. The bill still stands, and will continue to do so until trial of the case unless it is dismissed upon preliminary objections.

In the petition for re-argument it is averred that "in accordance with the rights given it under the Act of June 12, 1879, P. L. 177; 12 P. S. 1102, 1103, plaintiff intends to file its appeal to the Supreme Court", but section 1 of that act provides that "the pendency of such appeal [from the refusal of a preliminary injunction] shall not suspend proceedings in the original suit." It is thus apparent that the refusal of the motion, even though an appeal be taken therefrom, is not to be considered as a final adjudication of the case, and that the case should be put at issue and brought to trial.

The present bill was filed on September 16, 1938, and service thereof was thereafter made upon some defendants so that on September 27, 1938, counsel entered appearances for them. It is thus apparent that the thirty days within which they were required to answer has now expired. An examination of the record discloses that no answers have been filed raising preliminary objections or denying the averments of the bill. At the outset of the hearings on the motion for a preliminary injunction, defendants' counsel stated that they intended to file preliminary objections, but not having done so on or before the date fixed for the filing of an answer on the merits, they may not do so except "by leave of the court upon cause shown": Equity Rule 48. As no such application has been made, there is no necessity to discuss now whether the court will grant permission to do so.

At the conclusion of the hearings, plaintiff's counsel asked leave to file an amended bill, and when it appeared that new issues were raised which required further hearing, the application was withdrawn, due to the apparent desire to obtain a quick decision. The views expressed in the opinion filed at the time of the dismissal of the motion for a preliminary injunction are to the effect that the

bill in its present form cannot be maintained, but plaintiff may amend, and such amended bill may comply with the requirements of the act. Until it comes before us for consideration, it is not possible, of course, to determine finally whether plaintiff is entitled to the relief which it seeks. The case should be proceeded with in an orderly way, and before the court passes upon the constitutionality of the act plaintiff should present all that it intends to by way of an amended bill and proofs in support thereof.

A reargument of the motion for preliminary injunction is not, in our opinion, the proper way to present to the court for decision the question of the constitutionality of the act, particularly when a hasty decision is sought in order to expedite the appeal. The case involves "grave questions of constitutional law which can only be properly considered after a careful appraisal of all the relevant facts and circumstances": Harrisburg Dairies, Inc., v. Eisaman et al., 328 Pa. 195, 197, and consideration thereof should await final hearing.

A reargument of the motion for a preliminary injunction, is, therefore, refused.