## Blanton, Appellant, *v.* Paul.

Argued April 18, 1960. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Samuel M. Tollen,* for appellants.

*Melvin G. Levy,* and *McClenachan, Blumberg & Levy,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 29, 1960:

Robert E. Blanton and John M. Urie, trading as Urie and Blanton, located on the Concester Road in Chester, conduct a welding supply business. Leonard V. Paul was a salesman for this firm from January, 1952 to January, 1960. On January 4, 1960, Paul notified his employers that he was terminating his employment with them and going into business for himself, selling products manufactured by the Smith Welding Building Corporation and other firms.

On January 15, 1960 Urie and Blanton filed a petition for preliminary injunction in the Court of Common Pleas of Delaware County, seeking a rule against Paul to show cause why a preliminary injunction should not enjoin him from soliciting business from customers he had known while in the employment of the plaintiffs. The petition alleged that "during the course of the defendant's employment, the defendant was supplied with lists of the plaintiff's customers and became known to the customers which he visited as a representative of the plaintiff; and during this period of time, the defendant gained much confidential information about such customer lists which information

is of great value to businesses which are in competition with the plaintiff."

The petition also prayed for a permanent injunction and an accounting of all business solicited from customers of the plaintiffs. The court issued the requested rule, whereupon the defendant filed preliminary objections in the nature of a motion to strike off, averring that plaintiffs had failed to conform to the Rules of Civil Procedure in that they had failed to file a complaint.

On January 22, 1960, it was agreed between opposing counsel that evidence would be taken on the rule since parties and witnesses were in court, and the complaint could be filed later. Testimony was then taken, and on January 26, 1960, the court discharged the Rule, dismissing the petition for preliminary injunction. The court also directed the filing of the complaint within 20 days, which was done and the defendant filed answer.

The complaint and answer are still pending in the court below, since the only matter before us here is the propriety of the court's order in refusing the preliminary injunction. Thus we need not concern ourselves with the merits of the case, that is, whether or not the defendant has the right to make use of the customer lists obtained during his employment with plaintiffs. Here we deal only with the question as to whether or not the court had reasonable grounds to refuse the preliminary injunction. The law on this point is well settled. In *Hoffman v. Howell*, 242 Pa. 112, 114, we said: "Our established practice on appeals from the awarding or refusing of preliminary injunctions is not to consider the merits of the case, but only to determine whether under the facts presented in the Common Pleas there was reasonable ground for the action of the court." We repeated this rule in the recent case of

*Rubin v. Bailey,* 398 Pa. 271, at 274, wherein we quoted from *Hoffman v. Howell,* supra.

Applying that rule to the facts of the instant case, a review of the record fails to reveal any error on the part of the court below in refusing the preliminary injunction. On the contrary, the facts establish reasonable ground for such action. We affirm the statement by the court below: "The plaintiff has failed to show a right to enjoin the defendants, which is clear both on the law and the facts, or that it is necessary to maintain the status quo in order to avoid the danger of irreparable injury to its business or physical property."

Order affirmed; costs on appellants.